In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00199-CV
_____

GINO TENACE AND TENEGRITY HEALTH, INC., Appellants

V.

THURMAN HEALTH HOLDINGS, LLC, WILLIAM THURMAN, DKNS, LLC, NIMESH PATEL, CATO CREEK HOLDINGS COMPANY, LLC, REDWOOD PARTNERS, LLC, SAM SCOTT, VC PARTNERS, LLC, NIKESH JASANI, AND CLARUS HEALTH SERVICES, LLC, Appellees

On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 19-09-11980-CV

## MEMORANDUM OPINION

Appellants Gino Tenace and Tenegrity Health, Inc. (Appellants) filed an interlocutory appeal from the trial court's denial of Appellants' special appearances. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7). Finding the trial court lacks specific personal jurisdiction over Appellants, we reverse and render.

1

Background

Appellees Thurman Health Holdings, LLC, William Thurman, DKNS, LLC, Nimesh Patel, Cato Creek Holdings Company, LLC, Redwood Partners, LLC, Sam Scott, VC Partners, LLC, Nikesh Jasani, and Clarus Health Services, LLC (Appellees or Plaintiffs) filed this lawsuit against Appellants and one other defendant, Tenegrity Ventures, LLC (collectively Defendants).[1] According to the petition, Tenace made false and misleading statements and omissions of material fact that induced the Plaintiffs into investing more than $2 million into a new healthcare palliative care company and then transferred control of their valuable intellectual property to the Defendants, resulting in Plaintiffs incurring substantial damages based on the Defendants' wrongful conduct. Plaintiffs alleged that the Plaintiff-investors formed Clarus Health Services, LLC and contributed over $1,200,000 to develop valuable intellectual property. According to the petition, Plaintiffs appointed Tenace as CEO of Clarus and Tenace induced the Plaintiff-investors to transfer Clarus's assets to Tenegrity Health, Inc. and Tenegrity Ventures, LLC, and later to a different company, Palliative Care NewCo, Inc. ("Palliative Care"). Plaintiffs alleged Tenace induced the Plaintiff-investors to contribute additional funds. According to the petition, Tenace did not disclose that

_____

[1] Tenegrity Ventures, LLC is not a party to this appeal because it did not file a special appearance.

2

he was subject to a noncompete agreement with another healthcare company that precluded him from assisting the Plaintiff-investors in the manner he represented he would. Plaintiffs alleged that Tenace's "numerous failures[]" resulted in Clarus and Palliative Care no longer being in business and the Plaintiff-investors were "frozen out" of Clarus and Palliative Care, "depriving them of the resources and intellectual property they contributed, and access to their own company email accounts."

Plaintiffs asserted claims for fraudulent inducement (against Tenace), negligent representation (against Tenace), claims under the Texas Theft Liability Act (against all Defendants), breach of fiduciary duty (against Tenace), civil conspiracy (against Tenace), aiding and abetting civil conspiracy (against Tenegrity Ventures, LLC and Tenegrity Health, Inc.), and sought temporary and permanent injunctive relief (against all Defendants). In the petition, Plaintiffs alleged that the trial court had personal jurisdiction, stating:

> [] The Court has personal jurisdiction over Defendants pursuant to the Texas long-arm statute, Texas Civil Practice & Remedies Code section[] 17.042, because the harm resulting from Defendants' wrongful conduct has adversely impacted Plaintiffs Thurman Health Holdings, LLC, DKNS, LLC, Patel, VC Partners, LLC, and Jasani in Texas. In addition, the exercise of jurisdiction over Defendants is consistent with both state and federal due process requirements.

Appellants filed a joint special appearance under Rule 120a of the Texas Rules of Civil Procedure. As to specific jurisdiction, Appellants argued that, because Plaintiffs failed to plead jurisdictional facts against the nonresident Appellants

3

sufficient to bring them within reach of the Texas long-arm statute, Appellants met their burden of negating the basis of the alleged jurisdiction by proving that they are not residents of Texas, and Plaintiffs also failed to establish that exercising jurisdiction over nonresidents Tenace and Tenegrity Health, Inc. comports with federal and state guarantees of due process. As to general jurisdiction, Appellants argued that the trial court lacked general jurisdiction over Tenace because he is not domiciled in Texas and there are no allegations of any continuous and systematic contacts by Tenace with Texas. Appellants also argued the trial court lacked general jurisdiction over Tenegrity Health, Inc., because Tenegrity Health, Inc. is a Florida corporation with its principal place of business in Tennessee and there were no allegations by Plaintiffs of any continuous and systematic contacts by Tenegrity Health with Texas and nothing to establish that Tenegrity Health's affiliations with Texas are so substantial as to render it "at home" in Texas. According to Appellants, exercising jurisdiction over them as nonresidents and requiring them to defend the lawsuit in Texas would offend traditional notions of fair play and substantial justice.

In Tenace's affidavit, attached as an exhibit to the special appearance, he states that he is a resident of Minnesota, has never been a resident of Texas, has no telephone listing in Texas, owns no property in Texas, has not entered into a contract with a Texas resident, and has not recruited a Texas resident for employment. Tenace also states that he was a founder and is the registered agent of Tenegrity

4

Health, Inc., a Florida corporation with its principal place of business in Franklin, Tennessee. According to Tenace's affidavit, Tenegrity Health, Inc. maintains no office in Texas, has no registered agent in Texas, has no telephone listing in Texas, owns no property in Texas, has not entered into a contract with a Texas resident, and has not recruited a Texas resident for employment. Tenace also stated that he was a founding partner of Tenegrity Ventures, LLC, from which he separated in June 2018, and neither he nor Tenegrity Health, Inc. have any ownership in or affiliation with Tenegrity Ventures, LLC.

In their special appearance, Tenace and Tenegrity Health, Inc. argued that the Plaintiffs failed to allege that either Tenace or Tenegrity Health, Inc. as nonresident Defendants committed any tortious act in Texas. According to Appellants' special appearance, Appellees' "sole jurisdictional assertion is that 'the harm resulting from defendants' wrongful conduct has adversely impacted Plaintiffs Therman Health Holdings, LLC, DKNS, LLC, Patel, VC Partners, LLC, and Jasani in Texas.'" Appellants argued that because the Plaintiffs' petition made no allegation that the nonresident Defendants committed any tortious or fraudulent act in Texas, the Plaintiffs failed to plead jurisdictional facts against the nonresident Defendants sufficient to bring them within reach of the Texas long-arm statute.

Appellees responded to Appellants' special appearance. As to the court's jurisdiction over Appellants under the Texas long-arm statute, Appellees made these arguments:

> The Court has jurisdiction over Defendants Tenace and Tenegrity Health pursuant to the Texas long-arm statute because of the business conducted by Defendants when they induced Plaintiffs, Texas residents, to enter into contracts in Texas and obtained partial performance in Texas.
> . . . .
> As the Original Petition alleges, based on Defendants' wrongful conduct, Plaintiffs made investments of hundreds of thousands of dollars and transferred valuable intellectual property to Palliative Care.[] Specifically, the Original Petition alleged that, "Based on Tenace's representations . . . Plaintiffs exercised their rights as Clarus healthcare shareholders to invest the additional $720,500 and purchase Palliative Care shares through various Subscription Agreements[.][] Tenace, in turn, "continued to carry out the role of CEO" and executed the "Subscription Agreements on behalf of Palliative Care."[]
> As such, Defendants' arguments that no jurisdiction exists because Plaintiff did not allege any tortious act committed by Defendants in Texas fails.[] Indeed, as Texas courts have found, actions similar to those carried out by Defendants are sufficient to exercise jurisdiction over nonresident defendants.[]

Appellees referenced a declaration from Nimesh Patel, some email correspondence, and the subscription agreements executed by various parties. Appellees argued that jurisdiction over Appellants comports with federal and state guarantees of due process because the Appellants' contacts satisfy the minimum contacts requirement in that "Tenace's own contacts were purposeful, and obtained the benefits sought by Defendants when they availed themselves to this jurisdiction[]" and that "this action arises out of Tenace's contacts with this state as a result of Tenace's scheme to

6

defraud Plaintiffs of substantial amount of money and resources." Appellees argued that Appellants failed to negate all potential bases for personal jurisdiction and that Tenace had entered into contracts—i.e., subscription agreements[2] with Texas residents. Appellees did not assert a basis for general jurisdiction over Appellants in their response to the special appearance but stated that "no discovery has taken place in this matter that would allow Plaintiffs to ascertain whether Tenace's contacts, at relevant times, were continuous and systematic such that general jurisdiction is established."

The trial court denied Appellants' special appearance. Appellants filed a request that the court issue findings of fact and conclusions of law, but the trial court did not issue findings of fact or conclusions of law. Appellants filed this interlocutory appeal, appealing the trial court's denial of Appellants' special appearance.

---

[2] The Subscription Agreement in the record is executed by Company, Palliative Care NewCo, Inc., signed by Gino Tenace as CEO, and Subscriber, VC Partners, LLC, signed by Nimesh Patel, as Manager. In that agreement, paragraph 5(h) contains a "Governing Law; Submission to Jurisdiction; Waiver of Jury Trial" provision. Therein the parties agreed Delaware law governed and it selected Delaware courts as the forum for disputes. "The parties hereby agree that any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby, whether in contract, tort or otherwise, shall be brought in the federal or state courts located in Delaware, so long as one of such courts shall have subject-matter jurisdiction over such suit, action or proceeding, and that any cause of action arising out of this Agreement shall be deemed to have arisen from a transaction of business in the State of Delaware."

## Issues on Appeal

In their first issue, Appellants argue the trial court erred in denying their special appearance because Appellees did not meet their initial burden of pleading sufficient facts to bring Appellants under the reach of the Texas long-arm statute and, even if they did, Appellants met their corresponding burden to negate jurisdiction by proving that they do not reside in Texas. In their second issue, Appellants argue that even if the Appellees met their initial burden of pleading sufficient facts to bring Appellants within the reach of the Texas long-arm statute, the exercise of personal jurisdiction over Appellants fails to comport with state and federal constitutional guarantees of due process.

## Standard of Review and Applicable Law

Whether a trial court has personal jurisdiction over a nonresident defendant is ultimately a question of law that we review de novo. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). The plaintiff has the initial burden of pleading sufficient allegations to bring a nonresident defendant within the jurisdiction of a Texas court. *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 149; *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010); *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009); *Booth v. Kontomitras*, 485 S.W.3d 461, 476 (Tex. App.—Beaumont 2016, no pet.). If the

plaintiff meets this initial burden, "the burden shifts to the defendant to negate all potential bases for personal jurisdiction the plaintiff pled." *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 149; *see also BMC Software*, 83 S.W.3d at 793. The defendant may negate the jurisdictional allegations on either a factual or legal basis. *Kelly*, 301 S.W.3d at 659. There being no timely filed findings of fact and conclusions of law, "all facts necessary to support the judgment and supported by the evidence are implied." *BMC Software*, 83 S.W.3d at 795. When jurisdictional facts are undisputed, we need not consider any implied findings of fact and we consider only the legal question whether the undisputed facts establish Texas jurisdiction. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 150 n.4). When reviewing Appellees' jurisdictional allegations, we ask only whether the allegations are sufficient to invoke the exercise of personal jurisdiction over Appellants without regard to the merits of their claims. *See Booth*, 485 S.W.3d at 477.

A trial court has personal jurisdiction over a nonresident defendant if the exercise of jurisdiction is authorized by statute and is consistent with federal and state constitutional due process guarantees. *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 149; *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 17.042. The Texas long-arm statute provides that a

9

nonresident does business in the state if the nonresident commits certain acts in Texas, including, but not limited to, the following:

(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
(2) commits a tort in whole or in part in this state; or
(3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

Tex. Civ. Prac. & Rem. Code Ann. § 17.042. Although an allegation of jurisdiction may satisfy the Texas long-arm statute, the allegation may not necessarily satisfy the United States Constitution. *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 149. As a result, even if a court determines the facts satisfy the Texas long-arm statute, the court must also examine the facts to determine whether the exercise of personal jurisdiction over the defendant comports with due process. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996).

Asserting personal jurisdiction over a nonresident defendant comports with due process when (1) the nonresident defendant has minimum contacts with the forum state, and (2) asserting jurisdiction comports with traditional notions of fair play and substantial justice. *Retamco*, 278 S.W.3d at 338. The minimum contacts analysis requires "'some act by which the *defendant purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Michiana Easy Livin' Country, Inc. v. Holten*, 168 SW.3d 777, 784 (Tex. 2005) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253

10

(1958)). The focus is on the defendant's activities and expectations. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). Only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007); *see also Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State.").

A defendant's contacts may support either general jurisdiction or specific jurisdiction. *See Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 150; *Zinc Nacional, S.A. v. Bouche Trucking, Inc.*, 308 S.W.3d 395, 397 (Tex. 2010). Continuous and systematic contacts with Texas may support general jurisdiction, while specific jurisdiction exists when the cause of action arises out of or relates to specific purposeful activities of the defendant in Texas. *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 150.[3] "'[F]or a nonresident defendant's forum contacts to support an exercise of specific jurisdiction, there must be a substantial connection between those contacts and the operative facts of the litigation.'" *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 70 (Tex. 2016) (quoting *Moki Mac*, 221 S.W.3d at 585); *see also Guardian Royal*

---

[3] Because Plaintiffs only asserted specific jurisdiction as a basis for personal jurisdiction over Appellants, we need not discuss general jurisdiction and limit our discussion and analysis to specific jurisdiction.

11

*Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

Specific jurisdiction exists where there is evidence that the defendant purposefully availed itself of the forum's jurisdiction by contacts or activities in the forum state, and the cause of action arises from or relates to those contacts or activities. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024-25 (2021); *Retamco*, 278 S.W.3d at 338 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *BMC Software*, 83 S.W.3d at 795-96. Under specific jurisdiction, the focus is on the relationship between the forum, the defendant, and the litigation. *Ford Motor Co.*, 141 S. Ct. at 1028; *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 150; *Retamco*, 278 S.W.3d at 338. There must be a substantial connection between the defendant's contacts and the operative facts of the litigation. *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 151, 156. The contacts must be such that the defendant "should reasonably anticipate being haled into court" in Texas. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). As for tort claims, simply because the defendant directs a tort from outside the forum that occurred in Texas would not be sufficient for a Texas court to automatically exercise personal jurisdiction over a nonresident because it confuses the proper focus which should be on the defendant's contacts with Texas and purposeful availment. *Michiana*, 168 S.W.3d at 790-91. We must analyze the jurisdictional contacts on a "claim-by-claim

12

basis" unless all claims arise from the same forum contacts. *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 150-51. Here, all the claims arise from the same alleged forum contacts.

When considering whether the nonresident purposefully availed itself of the privilege of conducting activities within Texas, we look at three factors: (1) whether the defendant had contacts and activity in and with Texas; (2) whether the contacts relied upon were purposeful rather than random, fortuitous, or attenuated; and (3) whether the defendant sought some benefit, advantage, or profit by availing itself of the jurisdiction. *Id.* at 151.

The plaintiff bears the initial burden of pleading allegations sufficient to confer jurisdiction. *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021). The burden then shifts to the defendant to negate all bases of jurisdiction in the allegations. *Id*. The plaintiff defines the scope and nature of the lawsuit, so the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading. *Kelly*, 301 S.W.3d at 658.

> The defendant can negate jurisdiction on either a factual or legal basis. Factually, the defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations. The plaintiff can then respond with its own evidence that affirms its allegations, and it risks dismissal of its lawsuit if it cannot present the trial court with evidence establishing personal jurisdiction. Legally, the defendant can show that even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction . . . .

13

*Id.* at 659 (footnotes omitted). To bring a defendant within reach of the Texas long-arm statute for a tort claim, the plaintiff needs to plead that the defendant committed tortious acts in Texas. *Id.* at 658-59; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2).

## Specific Jurisdiction

In their first issue, Appellants argue the trial court erred in denying their special appearance because Appellees did not meet their initial burden of pleading sufficient facts to bring Appellants under the reach of the Texas long-arm statute. Appellants also contend that even if the Plaintiffs met their initial pleading burden, Appellants negated jurisdiction by proving that they do not reside in Texas and that they lack sufficient contacts and activities in Texas, and the Plaintiffs failed to meet their burden to present a basis for personal jurisdiction in their response. Appellees respond by arguing the trial court has jurisdiction over Appellants under the Texas long-arm statute "because of the business conducted by Appellants when they induced Appellees, Texas residents, to enter into contracts in Texas and obtained partial performance in Texas." According to Appellees, Tenace's own contacts were aimed at Texas and were purposeful, the suit arises out of Tenace's contacts with Texas, and Appellants failed to negate all potential bases for personal jurisdiction.

Insufficiency of Allegations in Petition and Response

Plaintiff's Original Petition alleges "The Court has personal jurisdiction over Defendants pursuant to the Texas long-arm statute, Texas Civil Practice & Remedies Code section[] 17.042, because the harm resulting from Defendants' wrongful conduct has adversely impacted Plaintiffs." On appeal and in their response to the special appearance, Appellees rely on that statement as a factual basis for their tort claim. That allegation is conclusory and does not constitute a jurisdictional fact or allege that Appellants committed tortious acts in Texas. Appellees also point to allegations in their petition where they alleged that "[b]ased on Tenace's representations . . . Plaintiffs exercised their rights as Clarus [] shareholders to invest the additional $720,500 and purchase Palliative Care shares through various Subscription Agreements[]" and Tenace "continued to carry out the role of CEO" and "sign[ed] the Subscription Agreements on behalf of Palliative Care." Once again, these allegations fail to allege jurisdictional facts about Appellants conduct in Texas. There are no allegations in the petition or in the response Plaintiffs filed to the Special Appearance that Appellants made misrepresentations in Texas, held meetings in Texas, executed agreements in Texas, solicited investors in Texas, or committed any act or tort in Texas.

Appellants attached Tenace's affidavit as an exhibit to their special appearance. In his affidavit, Tenace averred that he is a resident of Minnesota, has

15

never been a resident of Texas, has no telephone listing in Texas, owns no property in Texas, has not entered into a contract with a Texas resident, and has not recruited a Texas resident for employment. The affidavit also states that he was a founder and is the registered agent of Tenegrity Health, Inc., a Florida corporation with its principal place of business in Franklin, Tennessee. According to Tenace's affidavit, Tenegrity Health, Inc. maintains no office in Texas, has no registered agent in Texas, has no telephone listing in Texas, owns no property in Texas, has not entered into a contract with a Texas resident, and has not recruited a Texas resident for employment.

We conclude that Appellees failed to plead any jurisdictional facts against Appellants that would establish that Appellants committed conduct and actions within the long-arm statute, and so Appellants met their special-appearance burden by proving they are not Texas residents. *See Kelly*, 301 S.W.3d at 660; *Booth*, 485 S.W.3d at 476. Appellees do not challenge Appellants' contention that Appellants are not Texas residents.

The burden then shifted back to Appellees to establish in their response to the special appearance why the trial court had personal jurisdiction over Appellants. In their response, Appellees relied upon the allegations in their petition and did not attach evidence that establishes that Appellants committed a tort in Texas or purposely availed themselves of doing business in Texas. Rather, even if we liberally

16

construe their allegations, at most they have alleged that the "effects" of Appellants' conduct harmed Texas residents in Texas. In their response, Appellees argued that Tenace entered into a contract with a Texas resident when he executed the subscription agreement. Tenace signed a subscription agreement on behalf of Palliative Care, and the subscription agreement was also executed by Subscriber, VC Partners LLC, signed by Nimesh Patel, as Manager.

Personal jurisdiction under the effects test cannot depend solely upon where the defendant "directed a tort" because that approach improperly shifts the focus to the relationship of the plaintiff to the forum rather than on the relationship of the defendant to the forum and the litigation. *See Old Republic*, 549 S.W.3d at 565 (stating that "effects test" does not displace purposeful availment requirement); *Kelly*, 301 S.W.3d at 661 (requiring defendants to have engaged in conduct in Texas that amounted to "a substantial presence"). The mere existence or allegation of a conspiracy or fraudulent conduct directed at a Texas resident is not sufficient to confer jurisdiction. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995). "Jurisdiction cannot turn on whether a defendant denies wrongdoing—as virtually all will. Nor can it turn on whether a plaintiff merely alleges wrongdoing—again as virtually all will." *Michiana*, 168 S.W.3d at 791. And, although we are careful not to confuse "the roles of judge and jury by equating the jurisdictional inquiry with the underlying merits[,]" we must examine "the alleged contacts." *Old*

17

*Republic*, 549 S.W.3d at 560. Appellees have not stated how the subscription agreement or any other contract was performed or partially performed in Texas, and mere allegations that Plaintiffs as Texas residents entered into contracts with Tenace or that funds were sent to Texas are insufficient to establish personal jurisdiction. *See id.* at 565. Appellees failed to present the trial court with evidence negating Tenace's nonresident affirmations or otherwise establishing personal jurisdiction over the Appellants. *See Michiana*, 168 S.W.3d at 778-92.

After examining the alleged contacts of Appellants with Texas, we sustain issue one, and we need not reach issue two on whether the exercise of jurisdiction is consistent with federal and state constitutional due process guarantees. *See* Tex. R. App. P. 47.1; *see also Kelly*, 301 S.W.3d at 660; *Booth*, 485 S.W.3d at 476.

We conclude that the trial court erred in denying Appellants' special appearance. We reverse the trial court's order denying Appellants' special appearance and render the judgment the trial court should have rendered, dismissing Appellees' claims against Appellants for lack of personal jurisdiction. *See* Tex. R. App. P. 43.2(c).

REVERSED AND RENDERED.

_____
LEANNE JOHNSON
Justice

Submitted on January 13, 2022
Opinion Delivered July 14, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

18